IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ERIK GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| vs. | ) |
| | ) FILE No. |
| STEP IN STEP ENTERPRISES, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendant, STEP IN STEP ENTERPRISES, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing,

1

grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, STEP IN STEP ENTERPRISES, INC. (hereinafter "STEP IN STEP ENTERPRISES, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8. Defendant, STEP IN STEP ENTERPRISES, INC., may be properly served with process via its registered agent for service, to wit:  Riyaz Ali, Registered Agent, 2403 Cypress Creek Pkwy, Houston, TX  77068.

**FACTUAL ALLEGATIONS**

9. On or about August 11, 2019, Plaintiff was a customer at "Step In Express" a business located at 2403 FM 1960 Rd., Houston, TX  77073, referenced herein as "Step In Express."

10. Step In Express is located on the Property owned by Defendant, STEP IN STEP ENTERPRISES, INC.

11. STEP IN STEP ENTERPRISES, INC. is the owner or co-owner of the real

property and improvements that Step In Express is situated upon and that is the subject of this action, referenced herein as the "Property." STEP IN STEP ENTERPRISES, INC. also operates Step In Express.

12. Plaintiff's access to the business(es) located 2403 FM 1960 Rd., Houston, TX 77073, Harris County Property Appraiser's account number 1141070020002 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, STEP IN STEP ENTERPRISES, INC., is compelled to remove the physical barriers to access and correct the ADA violations that exist at Step In Express and the Property, including those set forth in this Complaint.

13. Plaintiff has visited Step In Express and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Step In Express and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Step In Express and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Step In Express and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends on revisiting Step In Express and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

15. Plaintiff travelled to Step In Express and the Property as a customer and as an

independent advocate for the disabled, encountered the barriers to access at Step In Express and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Step In Express and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. Step In Express is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. Step In Express must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed Step In Express and the Property in his capacity as a customer of Step In Express and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Step In Express and the Property that preclude and/or limit his access to Step In Express and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit Step In Express and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Step In Express and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Step In Express and the Property that preclude and/or limit his access to Step In Express and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant, STEP IN STEP ENTERPRISES, INC., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Step In Express and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant, STEP IN STEP ENTERPRISES, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, STEP IN STEP ENTERPRISES, INC., is compelled to remove all physical barriers that exist at Step In Express and the Property, including those specifically set forth herein, and make Step In Express and the Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Step In Express and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) The accessible parking space has excessive vertical rises, is not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) The access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) The accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)   The accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of Sections 502.4 and 406.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(v)    The accessible parking space is missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(vi)   The interior has walking surfaces lacking a 36 (thirty-six) inch clear width, due to a policy of placing items in the accessible route and maximizing product placement, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(vii)  The vertical reach to the soda dispensers exceeds the maximum allowable height of 48 (forty-eight) inches above the finish floor or ground in violation of Section 308.3.1 of the ADAAG standards. This violation made it difficult for Plaintiff to property utilize public features of the Property.

(viii) Due to the placement of a magazine rack adjacent to the door hardware, the accessible exit door lacks a proper minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards.  This violation made it difficult and dangerous for Plaintiff to exit the interior of the Property.

(ix)   The interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing items in the accessible route, in

        violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(x)     The door of the restroom area lacks a clear minimum maneuvering clearance in violation of Section 404.2.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xi)     The door of the restroom area lacks proper hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xii)     Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i)     The accessible toilet stall door is not self-closing and violates Section 604.8.2.1 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)     There is inadequate clear turning space, due to the placement of a trashcan, in violation of Section 603.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)     The door hardware of the bathroom stalls have operable parts which require tight grasping, pinching or twisting of the wrist in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv)   The accessible toilet stall door violates Section 604.8.1.2 of the 2010 ADAAG standards due to the proximity of the sink that blocks the clear opening of the stall door. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)   The height of the sink exceeds the maximum height from the finished floor in violation of Section 606.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vi)   The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(vii)   The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)   The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

32.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Step In Express and the Property.

33.   Plaintiff requires an inspection of Step In Express and the Property in order to determine all of the discriminatory conditions present at Step In Express and the Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to Step In Express and the Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Step In Express and the Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Step In Express and the Property is readily achievable because Defendant, STEP IN STEP ENTERPRISES, INC., has the financial resources to make the necessary modifications.

38. Upon information and good faith belief, Step In Express and the Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, STEP IN STEP ENTERPRISES, INC., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at Step In Express and the Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant, STEP IN STEP ENTERPRISES, INC.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, STEP IN STEP ENTERPRISES, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, STEP IN STEP ENTERPRISES, INC., to modify Step In Express and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, STEP IN STEP ENTERPRISES, INC., in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant, STEP IN STEP ENTERPRISES, INC., from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant, STEP IN STEP ENTERPRISES, INC., to (i) remove the physical barriers to access and (ii) alter the subject Step In Express and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

          Dated: August 21, 2019.

          Respectfully submitted,

          /s/ Douglas S. Schapiro
          Douglas S. Schapiro, Esq.
          *Attorney-in-Charge for Plaintiff*
          Southern District of Texas ID No. 3182479
          The Schapiro Law Group, P.L
          7301-A W. Palmetto Park Rd., #100A
          Boca Raton, FL 33433
          Tel: (561) 807-7388
          Email: schapiro@schapirolawgroup.com